| | | | |
|---|---|---|---|
| Case No. | ED CV 19-1748 FMO (SPx) | Date | November 4, 2019 |
| Title | Candice Blandino v. Cox Automotive, Inc., et al. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Cheryl Wynn | | None | None |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Re: Motion to Remand

Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 15, "Motion"), the court concludes as follows.

On August 1, 2019, Candice Blandino ("Blandino" or "plaintiff") filed a complaint ("Complaint") in the San Bernardino County Superior Court ("state court") against Cox Automotive Inc, and other entity defendants, along with individual defendants Mario Bejarano ("Bejarano") and Distephano Allende ("Allende").[1] (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Exh. A, Complaint). Among other claims, plaintiff asserted claims for harassment and hostile work environment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq against the individual defendants. (See Dkt. 1-1, Exh. A, Complaint at ¶¶ 30-100). On September 12, 2019, the entity defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 7).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta

---

[1] According to the entity defendants, Allende has been erroneously sued as Allendle, and is actually named "Allende." (See Dkt. 19, Opposition to Motion to Remand ("Opp.") at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1748 FMO (SPx) | Date | **November 4, 2019** |
|---|---|---|---|
| Title | **Candice Blandino v. Cox Automotive, Inc., et al.** | | |

Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[2] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached Complaint make clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts

---

[2] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1748 FMO (SPx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | Candice Blandino v. Cox Automotive, Inc., et al. | | |

supplying diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a);[3] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff is a citizen of California. (See Dkt. 1, NOR at ¶¶ 9-10). The entity defendants are not citizens of California. (See id. at ¶¶ 14-15). The individual defendants, Bejarano and Allende, however are citizens of California. (See id. at ¶ 16) (not setting forth Hinton's citizenship). Defendants assert, however, that Bejarano and Allende are sham defendants, and that therefore their citizenship should be disregarded for purposes of diversity jurisdiction. (See id. ¶ 16-19; Dkt. 19, Opp. at 5-9).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D.

---

[3] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 19-1748 FMO (SPx)** | Date | **November 4, 2019** |
|---|---|---|---|
| Title | **Candice Blandino v. Cox Automotive, Inc., et al.** | | |

Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

      The court finds that defendants have failed to meet their "heavy burden" of demonstrating fraudulent joinder by clear and convincing evidence. See Grancare, 889 F.3d at 548. Defendants contend that plaintiff's harassment claim against the individual defendants are not viable. (See Dkt. 1, NOR at ¶¶ 21-31; Dkt. 19, Opp. at 6-10). For instance, defendants contend that "the majority of Plaintiff's purported allegations against Allende and Bejarano stem from personnel actions and/or Plaintiff's perceived inaction to her alleged complaints against Bejarano[,]" (Dkt. 19, Opp. at 7), and that the remaining allegations against them are neither severe nor pervasive to support a plausible harassment claim. (Id. at 8). The court notes that defendants downplay plaintiff's allegations that Bejarano continuously harassed [plaintiff] with sexist comments and bullying behavior, (see Dkt. 1-1, Complaint at ¶ 14), which included comments regarding plaintiff's clothing and stating that "women have no place in a shop[.]" (Id. at ¶ 15). Plaintiff also alleges that Berjarano would follow her "while yelling and belittling her in front of others." (Id.). Even so, defendants attack on plaintiff's Complaint is an insufficient ground upon which to disregard the harassment claims against the individual defendants for purposes of diversity jurisdiction. See Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Lab. Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [the defendant].") (emphasis in original); Gebran v. Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must look at whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action"). At this juncture, it cannot be said that the state court would find the claims to be inadequately pled or that plaintiff would be unable to amend the Complaint to the state court's satisfaction. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); Martinez v. Michaels, 2015 WL 4337059, *9 (C.D. Cal. 2015) ("[C]ourts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors."). As such, defendants cannot show that it is "obvious according to the well-settled [law of California]" that plaintiff cannot state a claim against the individual defendants. See United Comput. Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 19-1748 FMO (SPx)** | Date | **November 4, 2019** |
|---|---|---|---|
| Title | **Candice Blandino v. Cox Automotive, Inc., et al.** | | |

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of showing that the individual defendants were fraudulently joined. Because the individual defendants are citizens of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.[4]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 15)** is **granted in part and denied in part**. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, 247 West Third Street, San Bernardino, California 92415, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer    cw

---

[4] Under the circumstances, the court is persuaded that attorney's fees are not warranted. 28 U.S.C. § 144(c)